## SUPREME COURT.

### WILLIS agt. TAGGARD.

The defendant in an action under the Code, can set up in his answer matter
falling short of a defence, by way of recoupment in mitigation of damages.
An answer should cover all it professes to answer and no more.
*It seems* a *set off* may be set up by answer, although it be not claimed as a full
defence. It is good as far as it goes.

*Essex Special Term, July* 1851. The first count in the com-
plaint is, among other things, for a large quantity of brick sold
and delivered by the plaintiff to the defendant, and the several
items are set out as in a bill of particulars, together with the
time when they were delivered and their value; and it claims
that $696·68 remains due therefor to the plaintiff.

There are four other counts, to wit: one for goods sold; one for
work and labor; one for money lent, and one for money had and
received; and the complaint concludes with demanding a thou-
sand dollars damages.

The amended answer denies that the plaintiff ever sold to the
defendant the goods and chattels mentioned in the complaint, or
any part thereof, and denies that he was indebted to the plaintiff
therefor in the sum of $696·68. It also denies the indebtedness
set up in each separate count.

It then sets up by way of recoupment, that in the winter of
1850 the parties entered into a contract by which the plaintiff
agreed to furnish the defendant a quantity of brick at a price
agreed upon for the purpose of building a hotel at Keeseville
in the county of Essex, a part of which brick were to be of a
size and quality similar to a model then exhibited to the
plaintiff, and the balance to be good merchantable brick, of the
usual size. That in pursuance of the agreement, the plaintiff
furnished the defendant brick sufficient to build the hotel, which
are a part of the brick mentioned in the complaint, and the de-
fendant avers that the brick which were to be made after the
model were not of the size or quality of said model, but on the
contrary were too small and not well burnt, and were not all of

the same size, but uneven and of different sizes; nor were the
balance good merchantable brick, but were made of bad materials,
not well burnt, small and uneven and not of uniform size; by
reason whereof the defendant had to furnish more lime and brick,
and pay the masons greater wages, and the walls were less sub-
stantial than they otherwise would have been, and the defendant
thus sustained damages to the amount of seven hundred dollars,
which damages the defendant will recoup, and give the same in
evidence in mitigation of damages claimed by the plaintiff for
said brick, &c.

The plaintiff has demurred to this part of the answer, and has
assigned a great number of causes of demurrer.

————— —————, *for Plaintiff.*
————— —————, *for Defendant.*

WILLARD, Justice.—The objection that this part of the answer
does not, in terms, refer to any one count in the complaint in
particular, is not well taken in fact. There is but one count
which seeks to recover for brick sold, and this is set up as a de-
fence to so much of the complaint as relates to brick. It would
have been more lawyer like to have referred to it as the first
count of the complaint, or to such part of that count as related to
brick. But it is obviously inapplicable to any other count. The
answer is not very definite in its statements; but if the plaintiff
did not understand by it the precise nature of the defence intended
to be made, he should have applied to the court, under § 160, for
an order requiring the pleading to be made more definite and
certain. This proceeding is in the nature of an exception for
insufficiency, and can not be taken after pleading over.

The *formal* objections to this part of the answer are none of
them sufficient to render it null and void.

The main question in the case is, whether a defendant can,
under the Code, set up in his answer matter falling short of a
defence, by way of recoupment in mitigation of damages?

The general rule of pleading is, under the Code, that an answer
must either contain a denial in some form authorized by the Code,
of the matter of the complaint, or a statement of new matter,

Willis agt. Taggard.

*constituting a defence* (*Code*, § 149). When the answer contains new matter, the plaintiff may reply, denying it, or he may allege new matter not inconsistent with the complaint, in avoidance of it; or he may demur to it for insufficiency, stating the grounds thereof (*Code*, § 153). The plaintiff on the present occasion has demurred for insufficiency; and he insists that because the matter of recoupment is not claimed to be a full defence to the complaint, but merely in mitigation, it is bad upon demurrer for that cause.

This presents a new question which I am not aware has been settled by any of the courts.

Under the former rules of pleading it was generally understood that when matter of total or partial defence could not be pleaded it might be given in evidence without plea (Wilmarth vs. Babcock, 2 *Hill*, 194; *Co. Lit.* 283, *a ;* 21 *Wend.* 277). The only exception to this rule that occurs to me is that evidence by way of recoupment, was not admissible unless notice of the defence was given (Barber vs. Rose, 5 *Hill*, 76). The English practice formerly required no notice, but admitted the evidence in mitigation under the general issue (see per Cowen, J. 5 *Hill*, 79). Our statute relative to notices with the general issue, required a notice only of such matters as, if pleaded, would *be a bar to the action* (2 *R. S.* 352, § 10). The Supreme Court, in Barber vs. Rose, *supra*, by requiring notice of matter of recoupment, exacted more than the statute had enjoined, and more than the ancient English practice demanded. Nevertheless, the court doubtless had the *power* to require a notice, and it seems to be necessary to guard against surprise (see Barton vs. Miller, 7 *East*, 479; 5 *Hill*, 79; 2 *R. S.* 199).

The Code, § 140, abolished all the *forms* of pleading previously existing, inconsistent therewith. All the former practice, which is consistent with the Code, still remains in force (§ 468, 469). As there is now no general issue under which a recoupment can be given in evidence, nor to which a notice can be subjoined, there is no way in which a partial defence can be taken but by answer. It surely was not the intention of the legislature to abolish the partial defence of *recoupment*. They have not abolished a set off, and the latter frequently falls short

of a full defence (2 *R. S.* 354, § 18, 22). If every answer which does not set up a full defence, be bad on demurrer, an answer claiming a partial set off can not be sustained. This construction of the Code will lead to consequences which probably were not anticipated. Full effect may, however, be given to the Code, by holding that an answer claiming to set up a full defence, and falling short of it, is demurrable. Such was the former rule of pleading. But if the answer claims no more than the facts which it affirms will justify, it is clearly a defence as far as it goes, though not necessarily a defence to the whole action. An answer, like a plea, should answer all that it professes to answer, and no more (*Co. Lit.* 303–9; 1 *Chitty Pl.* 509). The answer, in the present case, does not claim that the matter pleaded is a bar, but merely proposes to recoup, and to give the matter in evidence in mitigation of damages. It is not obnoxious to a demurrer, but the plaintiff will be entitled, when there is no other answer, to take judgment for the part of the count which is left unanswered (1 *Story*, 303; 1 *Saund.* 28, *n.* 3). The fact that there are other answers in this case, which prevent the plaintiff from taking such judgment, does not invalidate the answer in question. It is good as far as it goes; and there does not appear to be any other way, under the Code, that a recoupment can be made available.

It is not improbable that the plaintiff was led to demur by the decision of the Court of Appeals, in Nichols vs. Dusenbury (2 *Comst.* 283). That action was commenced before the Code, and the pleadings were governed by the former practice. A recoupment under the old system, could not be *pleaded in bar*. It was matter of evidence under the general issue, provided notice thereof was given (Barber vs. Rose, 5 *Hill*, 76).

The demurrer is not well taken, and must be overruled; but as the practice is new, the plaintiff is allowed to reply within twenty days; and the costs of the demurrer must abide the event.