By the Court. Bosworth, J.
This case was submitted on written points.
Ko point is made upon the papers submitted, that the averment that the segars “ were sold by sample” was not a sufficient allegar gation that they were sold upon an agreement or warranty, that the bulk of the articles should correspond in quality, with the sample, with reference to which the contract was made. (Bierne v. Dord, 1 Seld. 95.) On the contrary, the appellant’s points state that “this appeal is brought for the purpose of settling the question, whether a partial defence can be pleaded in bar.” This assumes, that the facts stated in the answer constitute a partial defence, and the appellant contends that a partial defence cannot be pleaded; that to constitute a good answer, the defence it presents must be total, and that the answer in question does not contain a counter claim, because, as is insisted, the facts stated show a partial failure of consideration, and do not give a right of action.
If the sale was, what is technically termed, a sale by sample, the defendant, if the segars delivered did not correspond with the sample, would have a right of action, to recover the difference *335 between the value of such goods in the condition they were at the time they were delivered, and of the same goods in quality like the sample. (Bierne v. Dord, supra; Hargous v. Stone, 1 Seld. 72.)
The Code declares that the sufficiency of pleadings is not to be determined by pre-existing rules, but by those prescribed by the Code itself, (§ 140.) That an answer may contain new matter, constituting a counter claim, (id. 149.) A cause of action, arising out of the contract or transaction set forth in the complaint, is a counter claim, (id. 150, sub. 1.) The Code has no such qualification as that the counter claim, to be pleadable, must entitle the defendant to an amount of damages equal to the amount of the plaintiff’s claim. It is enough, so far as the essentials of a sufficient answer are prescribed by the Code itself, that it states facts constituting a cause of action against the plaintiff, arising out of the contract or transaction set forth in the complaint, as the foundation of-the plaintiff’s claim-, or connected with the subject of the action.
If the defendant had paid cash on the delivery of the segars, it will not be pretended, if the sale was by sample, and the goods delivered did not correspond with the sample, that the defendant was remediless. If he offered to return the goods, on discovering the defects, he could maintain an action to recover his damages.
Assuming the allegations of the answer to be sufficient as a pleading, to raise the issue, whether the sale was one by sample, then it is quite clear that it sets up a counter claim, as that word is defined by the Code. The Code does not discriminate between the counter claims, which it defines, and allow those to be set up which give a right to damages equal to the amount of the plaintiff's demand, and prohibit setting up those on which the damages claimed do not equal it.
The Code prescribes no rule by which to determine the sufficiency of an answer containing a counter claim, except that it must state facts enough to constitute a good cause of action in favor of the defendant and against the plaintiff,- and that it be one of the several causes of action defined by § 150 of the Code.
This answer sets up such a counter claim. It follows that the demurrer was properly overruled, and that the order appealed from must be affirmed with costs. But the order of affirmance will allow the plaintiff to reply, on payment of costs of the de-