BLEW v. HOOVER, Administrator.

PLEADING.—*Answer.*—A paragraph purporting by a set-off to answer an entire complaint for a larger sum is bad on demurrer.

PRACTICE.—*General and Special Findings.*—Where a special finding does not conflict with the general finding, this court, in the absence of the evidence, will presume that the general finding is correct.

APPEAL from the Pulaski Common Pleas. .

RAY, C. J.—The appellee filed his complaint in two paragraphs. The first charges the appellant with the conversion of two hundred and eighty bushels of wheat of the value of four hundred and ninety dollars, the property of the estate of which the appellee is administrator, and that on demand he has failed to account.

The second paragraph charges an indebtedness to said estate for wheat had and received of the deceased during his lifetime.

An answer was filed in four paragraphs: first, denial; second, that on the 1st day of November, 1864, said defendant entered into a special contract with the deceased, to harvest, thresh, and haul to market, twenty-two acres of wheat then growing on, &c., and when said wheat was so harvested and threshed, the same was to be delivered in the granary of said farm, and hauled to market and sold at the discretion of said defendant as he could best sell the same, and out of the sale of said wheat retain a sufficient sum to pay for said expenses and trouble, the balance to be paid over to said deceased. The defendant avers that he harvested and threshed said wheat and delivered the same in said granary, but owing to defects in the place of storing, and to a latent defect in said wheat, the same became heated and spoiled, and was destroyed by some insect; that as soon as defendant discovered said injury, he took steps to put the same in good order, and hauled the same to market; but he avers that by reason of said defect in said wheat, the same was worthless, and of little or no

value, and the same now remains stored in the warehouse of one James Gill, in Winnemac, in said county, subject to the order of said administrator, on payment of the necessary expenses and trouble.

Third, that said estate is indebted to him in the sum of five hundred dollars, for work and labor done and performed at the request of decedent; and a bill of particulars is filed, amounting to two hundred and sixty-two dollars and sixty-five cents. This is filed by way of counter-claim.

The fourth paragraph alleges a special contract about cutting the wheat and harvesting the same, whereby the decedent became indebted to the defendant in the sum of five hundred dollars, and that it was agreed that said defendant should retain the wheat, or the proceeds thereof, until that sum was paid; and avers that he had the right to sell the said wheat and take pay for his labor therefrom; and that he hauled said wheat to market, and has the same ready for delivery on payment of said charges. The exhibit filed amounts to two hundred and sixty-two dollars and sixty-five cents.

The court sustained a demurrer to the third paragraph. This was correct; the paragraph and exhibit only showed a set-off of two hundred and sixty-two dollars and sixty-five cents, in answer to a complaint for four hundred and ninety dollars. It purported to answer all, and only answered a part.

There was a general finding for the appellee for two hundred and eighty-four dollars and twenty-five cents. In answer to questions, the court found that there was a special contract, and that Blew was to hold a lien on the wheat until he was paid; that a demand was made upon appellant, but no tender of money was made him at the time; no wheat was converted by Blew to his own use to the date of the commencement of the action, except sufficient to pay expenses of harvesting, threshing, and marketing.

The evidence has not been presented. The fact that

there was a special contract, without any statement of what the contract was, cannot disturb the general finding. It may have been a contract of sale of the wheat, as alleged in the second paragraph, with the right given the defendant to sell in the market enough to pay his charges, and account for the balance at one dollar and seventy-five cents per bushel. What these charges amounted to in proof, we are not informed; but the finding implies that defendant has sold sufficient to repay them, and the general finding holding him liable for the balance, we must presume correct, in the absence of the evidence.

The judgment is affirmed, with ten per cent. damages, and costs.

*G. T. Wickersham, S. E. Perkins, L. Jordan,* and *S. E. Perkins, Jr.,* for appellant.

*D. P. Baldwin,* for appellee.