CURRAN *v.* CURRAN, ADMINISTRATOR.

PRACTICE.—*Failure to Demur.—Assignment of Error.*—A failure to demur to a paragraph of a complaint does not waive the question of the sufficiency thereof, but an assignment of error will present this question on appeal.

SAME.—*Indebitatus Assumpsit.—Action Upon an Account.*—A paragraph at common law, in *indebitatus assumpsit*, for the price of land sold and conveyed, or what is under the code an action upon an account, will be sufficient under our practice.

VENDOR AND PURCHASER.— *Voidable Sale.— Part Performance.*—A parol agreement for the sale of lands is voidable, and not void. When the land is sold and conveyed, and the purchaser accepts the deed, and by virtue thereof enters into and retains possession of the property, the payment of the price can be enforced.

SAME.—*Pleading.*—A paragraph alleging that the defendant is indebted to the plaintiff in the sum of three thousand dollars for real estate described, sold and conveyed, is sufficient.

PLEADING.—*Set-off.—Reply.*—A set-off may be replied to an answer of set-off.

SAME.—The sufficiency of a pleading setting up a counter-claim or set-off is not to be tested by the technical rules of the common law. An answer of set-off which assumes to answer the whole complaint, but only answers a part, is not bad on demurrer. A set-off is not strictly a defence.

APPEAL from the Ripley Common Pleas.

BUSKIRK, J.—This was an action by the appellee, as administrator of the estate of Thomas Curran, deceased, against James G. Curran, the appellant. The complaint consisted

of eleven paragraphs. The first and second were based upon a promissory note executed by the appellant to the decedent, on the 1st day of June, 1864, payable one day after date, for the sum of two thousand dollars, conditioned that the same was "to be collected by the payee in his lifetime, or not to be collected at all." These paragraphs alleged the execution of the note; the death of the payee, on the 2d day of August, 1868; that the decedent died possessed of said note; that the same was unpaid and unsatisfied at the time of his death; and that the same was given for and in consideration of the sale by the decedent to the appellant of certain described real estate. The first paragraph set forth in detail the reasons why the decedent did not collect the note during his lifetime.

The third, fourth, fifth, sixth, and seventh paragraphs were based upon as many different promissory notes.

The eighth paragraph was based upon an account, in which the plaintiff charged that the defendant was indebted in the sum of one hundred and forty-two dollars and fifty cents, as and for money received by the defendant upon the sale of a horse belonging to the decedent, and in the sum of fifty dollars for the use of a spring wagon and cushions.

By the ninth paragraph of the complaint, the plaintiff sought to recover the sum of two thousand dollars, as and for certain described real estate sold and conveyed by the decedent to the defendant.

The tenth paragraph was based upon an account for eight hundred and twenty-nine dollars and seventy-five cents, for money loaned by the decedent to the defendant.

The eleventh paragraph was the same as the first, except that the eleventh was much fuller than the first, in setting forth the causes which prevented the decedent from collecting such note during his lifetime.

The defendant demurred separately to the first, second, and eleventh paragraphs of the complaint. The demurrers were sustained, and the appellee excepted.

The defendant answered in six paragraphs.

Curran *v.* Curran, Adm'r.

First, the general denial; second, payment; third, a set-off for six thousand dollars, including money paid the decedent in his lifetime, and to others at his request, and for keeping and boarding the deceased, and for services rendered deceased in his lifetime, by the defendant and his family, in nursing and taking care of him in sickness.

The fourth paragraph of the answer only assumed to answer the third, fourth, fifth, sixth, and seventh paragraphs of the complaint. It admitted the execution of the notes, but averred that they were given for land and money given by the said decedent to the defendant as a gift; that the notes were only executed by the defendant to secure the decedent against want during his life; that the notes were surrendered to the defendant, to be held by him during the lifetime of the decedent, and then to be cancelled; that afterward, the decedent took the possession of them, to secure himself against want, and never needed such notes; that the decedent died so far distant from the defendant that he, the defendant, was not present at the time of the death of said decedent, to receive from him such notes, and that the administrator of the estate of the said decedent refused to deliver up such notes.

The fifth paragraph of the answer was in bar of a recovery on the ninth paragraph of the complaint, and averred that when the decedent conveyed the land described in the said ninth paragraph of the complaint, the defendant executed to such decedent a note for two thousand dollars, conditioned that the same was "to be collected by the payee in his lifetime, or not to be collected at all," and that the payee thereof died without collecting such note.

The sixth paragraph purported to be an answer to the tenth paragraph of the complaint, and averred that the money which was loaned by the decedent to the defendant, as therein charged, was intended as a gift, unless the decedent should need such money for his sustenance and support, and if so needed, was to be collected during the life of the decedent, and not afterward.

The plaintiff replied in five paragraphs, as follows:

First, in denial; second, payment of the matters pleaded as a set-off in the third paragraph of the answer; third, that a settlement had been made of matters pleaded as a set-off, and that the note sued on in the sixth paragraph of the complaint was given for the balance found due upon such settlement; fourth, the fourth paragraph of the reply was intended as a reply to so much of the third paragraph of the answer as sought to recover for boarding and taking care of the decedent, and averred that the decedent was the father of the defendant, and lived with the defendant as a member of his family, and performed labor, for which no charge was made; that the defendant, during the time the said decedent lived with him as a member of his family, used, occupied, and received the rents and profits of a farm which belonged to the said decedent; fifth, the fifth paragraph was a set-off, and was pleaded as a set-off to all the matters pleaded as a set-off in the third paragraph of the answer.

The defendant demurred separately to the fourth and fifth paragraphs of the reply, upon the grounds that the paragraphs separately considered did not contain facts sufficient to constitute a reply to the defendant's answer, and that such replies were a departure from the complaint.

The court overruled the demurrers, and the defendant excepted.

The cause was submitted to a jury for trial, and resulted in a finding for the plaintiff in the sum of eight hundred and twelve dollars. There was a motion for a new trial made, which was overruled, and the defendant excepted; and thereupon final judgment was rendered on the verdict.

The appellant has assigned the following errors: first, that the ninth paragraph of the complaint does not contain facts sufficient to constitute a cause of action; second, that the court erred in overruling the demurrers to the fourth and fifth paragraphs of the reply; third, that the court erred in overruling the motion for a new trial.

The first error assigned calls in question the sufficiency

of the ninth paragraph of the complaint, which reads as follows:

"9th Par.   And for further cause of action, plaintiff says that the defendant is indebted to him in the sum of three thousand dollars, for the following described real estate, sold and conveyed to him by the deceased in his lifetime, to wit: the south half of the south-east quarter of section twenty-five, town seven, range eleven east, being eighty acres, more or less; and also that part of the south-west quarter of section thirty, town seven, range twelve east, lying west of the Madison road and south of the east and west center line of said section, supposed to be two acres, more or less, and situated in Ripley county, State of Indiana, said real estate being sold and conveyed to said defendant on the 1st day of June, 1864; that said sum is now due and wholly unpaid, for which the plaintiff demands judgment for three thousand dollars, and asks that said judgment be declared a lien upon said real estate."

It is very earnestly maintained by counsel for the appellee that no question as to the sufficiency of the above paragraph of the complaint arises upon the record, for the reason that no demurrer was filed to such paragraph in the court below; while it is insisted by counsel for the appellant that the defendant's demurrer to the fourth and fifth paragraphs of the reply searched the entire pleadings in the cause, and presents for review here the sufficiency of the complaint.  Besides, the failure of the appellant to demur does not waive the objection to the sufficiency of the complaint.   This question is discussed by the counsel in this cause at great length and with marked ability, but the rule is so well settled by recent decisions of this court, that we do not deem it necessary even to refer to any of the authorities in support of the rule.

We then proceed to consider whether the ninth paragraph of the complaint was good.   The paragraph is what would have been called at common law *indebitatus assumpsit,* for the price of land sold and conveyed, and under our code is called

an action upon an account. That such an action will lie, has been expressly decided by this court, in the cases of *Rinker* v. *Sharp*, 5 Blackf. 185; *Kerstetter* v. *Raymond*, 10 Ind. 199; *Brown* v. *Perry*, 14 Ind. 32.

It is maintained by counsel for the appellant that an action cannot be maintained for the price or value of the land in question, for the reason that the contract therefor is within the statute of frauds. It has been decided that, by the statute of frauds, a parol contract for the sale of land is voidable merely, and not void. The statute does not wholly vacate the contract, but only inhibits all actions brought to enforce it. The parties may execute it, but they cannot be compelled to do so. In the case under consideration, it is alleged that the decedent sold and conveyed the premises. It was proved upon the trial that the appellant accepted of the deed, and by virtue thereof took possession of the premises, and has ever since held and occupied the same as his own property. The contract has been executed, except the payment of the purchase-money. It is provided by the second section of the statute of frauds, that "the consideration of any such promise, contract, or agreement, need not be set forth in such writing, but may be proved." 1 G. & H. 351.

*Chapman* v. *Harwood*, 8 Blackf. 82; *Hadden* v. *Johnson*, 7 Ind. 394; *Miller* v. *Hower*, 2 Rawle, 53; *Clary's Heirs* v. *Marshall's Heirs*, 5 B. Mon. 266; *Patterson* v. *Ware*, 10 Ala. 444; *Gillespie* v. *Battle*, 15 Ala. 276; *Davenport* v. *Mason*, 15 Mass. 85.

It was held, in the case last cited, that "a parol agreement for the conveyance of land is not absolutely void by the statute of frauds; but if any act has been done in part execution of the agreement, which would not have been done but on account thereof, which was done with a view to the agreement, and which is prejudicial to the party doing it, the parties are not permitted to treat the agreement as a nullity." It was also held, that "where a deed conveying land contains nothing touching the consideration, or the payment of the purchase-money, although the law will pre-

sume that payment was made, yet this presumption, being a species of evidence relating to matter of fact, and not arising from the construction of the deed, may be repelled by oral testimony."

The next objection urged to the ninth paragraph of the complaint is, that it is not averred that the price of the land was three thousand dollars. But it is alleged that the defendant was indebted to the plaintiff in the sum of three thousand dollars for the described real estate, sold and conveyed. The paragraph was modelled after the tenth form prescribed by the legislature, which is a complaint for the value of personal property sold and delivered. Since *indebitatis assumpsit* will lie for the value of land sold and conveyed, we are unable to see why a form which is good for the value of personal property sold and delivered will not be good for the price of land sold and conveyed.

We are very clearly of the opinion that the ninth paragraph of the complaint was good.

The next error assigned calls in question the correctness of the ruling of the court in overruling the demurrer to the fifth paragraph of the reply.

Two objections are urged to this paragraph; first, that it is a departure; second, that it assumes to be a reply to the whole of the third paragraph of the answer, while it was only an answer to a part. The third paragraph of the answer was a set-off. The fifth paragraph of the reply was a set-off to the set-off. This presents the question, whether a set-off can be pleaded to a set-off.

Such a reply is expressly authorized by the statute. Section 214, 2 G. & H. 161, provides, that "a party to any action may plead or reply a set-off or payment to the amount of any cause of action or defence, notwithstanding such set-off or payment is barred by the statute."

This court, in *Turner* v. *Simpson*, 12 Ind. 413, and in *Reilly* v. *Ruker*, 16 Ind. 303, held that a set-off might be replied to a set-off, and we know of no subsequent decision

in conflict with such ruling. We think there is nothing in the objection.

The fifth paragraph of the reply is as follows:

" 5th. And for further reply to the third paragraph of defendant's answer, plaintiff says, by way of set-off, that when this action was commenced, the defendant was, and still is, indebted to plaintiff in the sum of three thousand dollars, for rents of a farm of deceased, from the year 1854 to the year 1865, inclusive, which farm is situated in Ripley county, Indiana, which is now due and wholly unpaid; wherefore he demands judgment as in his complaint prayed."

The total amount of the set-off pleaded in the third paragraph of the answer amounted to the sum of five thousand seven hundred and eighty-four dollars and thirty cents.

It is insisted by counsel for the appellant that as the reply demands judgment, as prayed for in the complaint, and contains no qualifying words, such as an offer to set off so much of the sum alleged to be due as might be proved, the three thousand dollars was pleaded in bar of the entire amount alleged to be due in the third paragraph of the answer, and the reply was bad.

The counsel for appellee admits that the rule is well settled, that a plea in confession and avoidance, which is pleaded in bar of the entire cause of action, when it constitutes only a partial defence, is bad, but it is earnestly maintained that such rule does not apply to a set-off.

It has been several times decided by this court that a set-off which was pleaded in bar of a larger sum was bad. *Rose* v. *The North River Bank*, 11 Ind. 268; *Conwell* v. *Finnell*, 11 Ind. 527; *Stone* v. *Lewman*, 28 Ind. 97; *Blew* v. *Hoover*, 30 Ind. 450. There are doubtless other cases holding such rule as applicable to set-offs.

We are asked to review the above decisions and to overrule them, because they are in conflict with the letter and spirit of our code.

We have carefully examined the cases and find that they are all placed upon the technical rule of the common law,

that a plea in confession and avoidance which assumed to an-swer the whole complaint and only answered a part was bad on demurrer, because it did not constitute a defence to the entire action. A set-off is simply a cross demand made by the party pleading upon the opposite party. It is totally unconnected with the matter to which it is answered or re-plied, and in no way resembles the special pleas in bar as they existed at common law.

Waterman on Set-Off, Recoupment, and Counter-Claim, defines a set-off thus: " Set-off signifies the subtraction or taking away of one demand from another opposite or cross demand, so as to extinguish the smaller demand and reduce the greater by the amount of the less; or, if the opposite demands are equal, to extinguish both. It was also, for-merly, sometimes called stoppage, because the amount sought to be set off was stopped or deducted from the cross de-mand." Waterman Set-off, 1.

Again, he says, on page 3, "The subject of a set-off is a cross debt or claim on which a separate action might be sustained, due to the party defendant from the party plain-tiff."

Again, on page 9, he says, "Strictly speaking, a set-off is not a defence. When a set-off is made, mutual claims to an equal amount on each side become, under the statute, a satisfaction of each other. They operate as a payment of each other. When the claim of the plaintiff is wholly paid by a set-off, the action is at an end, and he may be liable to costs. But his claim has not been defeated by a defence, but has been paid by the extinguishment of claims against him to an equal amount."

The most usual pleas in bar are release, accord and satisfac-tion, payment, tender, justification, statutes of limitations, usury, etc. They all confess the cause of action to which they are pleaded, but avoid it by showing that something has in-tervened which is a bar to a recovery thereon. They go directly to the cause of action. The dismissal of the case

would take them with it, for they depend upon the original action for life. In case they are fully proved upon the trial, they entitle the party pleading them to no judgment, except for costs. They are strictly defensive. They cannot constitute an independent cause of action. They only defeat the right of the plaintiff to recover. When a set-off is answered, the court or jury allow what is proved of the plaintiff's cause of action, and what is proved of the set-off is subtracted from it, and judgment goes for the plaintiff for the residue, or if the sums are equal, both are extinguished, or if the set-off exceed the sum due the plaintiff, the defendant is entitled to judgment for the excess. The defendant may either plead his set-off or bring an independent action on the matters constituting the set-off. The dismissal of the action by the plaintiff does not affect the set-off, but it stands and will be tried by the same rules as though it were an original action. It neither confesses nor avoids the complaint, but constitutes a cross action. It is in the nature of a complaint, and the plaintiff stands as a defendant, and in determining its sufficiency it should be treated more as a complaint than as a defence.

The code, in a very plain and unequivocal manner, recognizes the distinction between a defence, counter-claim, and set-off. It enacts:

"Sec. 56. The answer shall contain, first, a denial of each allegation of the complaint controverted by the defendant, or of any knowledge or any information thereof, sufficient to form a belief; second, a statement of any new matter constituting a defence, counter-claim, or set-off, in plain and concise language, without repetition; third, the defendant may set forth in his answer as many grounds of defence, counter-claim, and set-off, whether legal or equitable, as he shall have." 2 G. & H. 83.

It is provided by sec. 57, 2 G. & H. 88, that "the set-off shall be allowed only in actions for money demands upon contract, and must consist of matter arising out of a debt, duty, or contract, liquidated or not, held by the defendant at

the time the suit was commenced, and matured, at or before the time it is offered as a set-off."

Section 61 of the code reads as follows: "When cross demands have existed between persons, under such circumstances that one could be pleaded as a counter-claim or set-off to an action brought upon the other, neither can be deprived of the benefit thereof by the assignment or death of the other, and the two demands must be deemed compensated, so far as they equal each other." 2 G. & H. 92.

We have compared section 56 of our code with the codes of New York, Ohio, and Kentucky, and find that it is in substance the same as the New York code, and that it is identical with those of Ohio and Kentucky. We have also examined the decisions in those states giving a construction to such sections of their codes, and find that they all hold that, by the use of the word defence, such defences were intended as existed at common law, and that the words counter-claim and set-off had reference to cross demands, and that the sufficiency of a pleading setting up a counter-claim or set-off was not to be tested by the technical rules of the common law. It has been repeatedly held, in all of such states, that an answer setting up a set-off, which assumed to answer the whole complaint, but only answered a part, would not be bad on demurrer. Such rulings are placed on the grounds that a set-off is not strictly a defence, and that from its very nature, it can only be regarded as an answer to so much of the plaintiff's demand as may be proved on the trial.

Section 56 of our code was borrowed by Ohio from New York, by Kentucky from Ohio, and by Indiana from Kentucky. The judicial construction placed on such section in said states is very high authority with us, and such decisions placing a construction thereon are entitled to very great weight. *Langdon* v. *Applegate*, 5 Ind. 327.

The following are some of the cases decided in New York, Ohio, and Kentucky. These cases contain references to many other decisions in those states: *Willis* v *Taggard*, 6 How. Pr. 433; *Houghton* v. *Townsend*, 8 How. Pr. 441;

*Kneedler* v. *Sternbergh,* 10 How. Pr. 67; *Allen* v. *Haskins,* 5 Duer, 332; *Richards* v. *Edick,* 17 Barb. 260; *Peabody* v. *Washington Mut. Ins. Co.,* 20 Barb. 339; *McKyring* v. *Bull,* 16 N. Y. 297; *Hill* v. *Butler,* 6 Ohio St. 207; *True* v. *Triplett,* 4 Met. Ky. 57; *Bennett* v. *McCrocklin,* 3 Met. Ky. 322.

We therefore hold that the fifth paragraph of the reply was not bad on demurrer, and that the court committed no error in overruling it. The cases heretofore referred to as holding the opposite doctrine, being in conflict with this opinion, are overruled.

This ruling does not in any manner impair or overrule the numerous cases in this court holding that a plea in bar constituting a defence, which assumes to answer the whole cause of action, but only answers a part, is bad on demurrer.

It is next insisted that the court erred in overruling the motion for a new trial.

The appellant, in his motion for a new trial, assigned various reasons therefor, but in his very able and elaborate brief he has only discussed, in support of this assignment of error, the sufficiency of the evidence to support the verdict. The evidence is very voluminous, covering over fifty pages of the record. We have carefully read and duly considered it all, and find that it is very conflicting, and that the case before the jury greatly depended upon the credibility of the witnesses. The jury were far more competent to determine the weight which should have been given to witnesses than we are. We could not disturb the verdict of the jury on the preponderance of the evidence, without violating a long and well settled rule of this court. *The Madison, etc., Railroad Co.* v. *Taffe,* 37 Ind. 361.

The conclusion at which we have arrived renders it unnecessary for us to examine the cross errors assigned.

The judgment is affirmed, with costs.

*E. P. Ferris, H. T. Lipperd, W. D. Ward,* and *J. W. Gordon,* for appellant.

*W. D. Willson,* for appellee.