———o———

DODGE ET AL. *v.* DUNHAM.

SUPREME COURT.—*Assignment of Error.*—A general assignment of error in overruling a motion for a new trial is all that is necessary to bring to the attention of the Supreme Court whatever grounds appear in the motion and the accompanying bill of exceptions, and a re-statement of them is unnecessary.

PLEADING.—*Promissory Note.—Assignee.—Set-Off.—Counter-Claim.—Reply.*—In a suit brought by the assignee of a promissory note against the maker, if the maker answer by way of set-off or counter-claim against the payee, the assignee may reply, setting up a claim of the payee against the maker, and thereby show that there is in fact no defence to the note.

Dodge *et al. v.* Dunham.

SAME.—*Set-Off.*—*Principal and Surety.*—Where one of several makers of a promissory note files a set-off in his favor, he should allege that he is principal and that the other makers are only sureties; and in the absence of such allegations, it is not error to refuse to allow the set-off.

EVIDENCE.—*Order of Introduction of.*—Neither party is bound to anticipate the evidence of the other; and until the party having the burden of the issue has introduced evidence in support of such issue, it is unnecessary for the other to introduce evidence to defeat it. After that, it is his privilege to do so, and the other may close with rebutting evidence.

SAME.—Where no evidence in support of a set-off is admissible under the allegations of the pleadings, it is not error to reject evidence offered by the defendant to rebut evidence given by the plaintiff in support of affirmative matter set up in reply to the set-off of the defendant.

SAME.—*Reiteration.*—It is not error to refuse to permit a witness to reiterate a statement.

CONTRACT.—*Construction.*—Where it is represented and guaranteed, that a stock of goods will inventory, at "wholesale prices," a certain sum, the language will be taken to mean the wholesale prices at which they were purchased, and not the value that may be put upon them at the time the representation and guaranty are made.

PRINCIPAL AND SURETY.—*Statute Construed.*—The statute (sec. 674, 2 G. & H. 308) in reference to sureties contemplates a written complaint by the surety, in the nature of a cross complaint against the principal, and pleadings, issue, and trial thereon, the same as upon any other cross complaint; but these proceedings should not affect the proceedings of the plaintiff.

SAME.—*Practice.*—*Motion for New Trial.*—Though not in the form of a cross complaint, if the surety sets up that he is only surety, and his co-defendant goes to trial without objection, and submits the issue to a jury, and does not afterward raise objection to the form or manner of making the issue of suretyship, but joins in asking for a new trial, because the jury has not found upon that issue, the motion should be sustained as between the defendants.

SAME.—Issues joined between defendants upon a question of suretyship may be tried at, before, or after, the trial of the cause, or even at a subsequent term.

APPEAL from the Elkhart Common Pleas.

OSBORN, J.—The appellee sued the appellants upon a promissory note executed by them, payable to one Stephen S. Millspaugh, for five hundred dollars, and by Millspaugh indorsed to the appellee.

The appellant Dodge filed a separate answer of six paragraphs:

First. The general denial.

Second. That the appellee was not the real owner of the

note, that he had not the legal or equitable title thereto, and that Millspaugh was the legal and equitable owner of it.

Third. A set-off, of various items, amounting in the aggregate to five hundred and thirty-eight dollars and fifty-six cents.

Fourth. That the note was executed in part payment for a stock of goods, when a part of the goods sold did not belong to Millspaugh, but to Ball & Co.; that Millspaugh knew they did not belong to him; that he represented to Dodge that he owned them, and had good right to sell the same; that Ball brought an action against him for his goods, and he had to pay for them forty-five dollars.

Fifth. That prior to the execution of the note in suit, Millspaugh was indebted to him; that he held a mortgage upon a stock of goods to secure his debt. Being about to enforce his claim under the mortgage, Millspaugh represented and warranted to him that the stock of goods would inventory, at wholesale prices, five thousand nine hundred dollars; that relying upon such representations he agreed to surrender his obligations against Millspaugh, and pay him one thousand dollars in addition, and take the stock of goods and become the owner thereof, and sell the same out at private sale; that in pursuance of said agreement, and relying upon those representations, he did surrender his notes and mortgage, and executed his two notes of five hundred dollars each, one due in three, and the other in four months, and took possession of the goods and inventories thereof; that the goods only inventoried, at wholesale prices, three thousand nine hundred dollars; that he only agreed to take said goods and execute said notes because of said representations and to assist Millspaugh and save to him the said one thousand dollars, and not because he desired to purchase the goods and engage in the sale of them as a business; that the note mentioned in the complaint was one of the notes given in the consummation of the said arrangement, and that he realized on the sale of the goods two thousand seven

hundred dollars; wherefore the said note was without consideration.

Sixth. That there was a defect of parties defendants, in that the said note sued on was not assigned by endorsement thereon, or by writing thereto attached, by Millspaugh, the payee, and the said Millspaugh was not a party defendant in the action.

The record shows that Cown also filed an answer of two paragraphs:

First. That he affixed his signature to the note as a surety, and not as a maker.

Second. That the appellant was not the real owner of the note, but that Millspaugh was; and he prayed that the suit might abate.

The appellee moved the court to strike out the fourth and fifth paragraphs of Dodge's answer; which was overruled, and he excepted.

He then filed his reply of general denial to the second, third, fourth, fifth, and sixth paragraphs of Dodge's answer, and a partial reply to the third and fourth paragraphs, by alleging that at that time, and prior to the commencement of the suit and the filing of the answer, Dodge was indebted to Millspaugh upon an account, a bill of particulars of which was filed, which he agreed with Millspaugh to allow and credit upon his said claim of set-off and counter-claim. To which reply Dodge filed a demurrer, on the ground that it did not contain facts sufficient to constitute a reply to the third and fourth paragraphs of his answer. The demurrer was overruled, and Dodge excepted.

There was a jury trial, which resulted in a verdict for the plaintiff for four hundred and thirty dollars.

The defendants, each for himself, moved the court for a new trial, on the grounds that the damages were excessive; that the verdict was not sustained by sufficient evidence; that it was contrary to law; that errors of "law occurred at the trial, excepted to at the time by the defendants, and each of them," stating what the errors were. The motion

was overruled; the defendants excepted; and final judgment was rendered on the verdict.

The errors assigned are, first, in overruling the demurrer to the second paragraph of the reply; second, in overruling their motion for a new trial.

In this assignment the appellants state and number each of the acts and omissions of the court which were supposed to be erroneous. The general assignment of error, in overruling the motion for a new trial, was all that was necessary. Whatever grounds appeared in the motion and the bill of exceptions would be brought to the notice of the court by such an assignment. A re-statement of them was entirely unnecessary.

The appellants rely upon *Blew* v. *Hoover,* 30 Ind. 450, to sustain the first assignment of error. *Curran* v. *Curran,* 40 Ind. 473, overrules that and many other cases, on the ground that "a set-off is simply a cross demand made by the party pleading upon the opposite party; it is totally unconnected with the matter to which it is answered or replied, and in no way resembles the special pleas in bar as they existed at common law;" that "a set-off is not strictly a defence, and that from its very nature, it can only be regarded as an answer to so much of the plaintiff's demand as may be proved on the trial." But it in no manner impairs or overrules the cases holding that a plea in bar, constituting a defence, which assumes to answer the whole cause of action, but only answers a part, is bad on demurrer. The reply alleges that Dodge had agreed to credit the demand on his said claim of set-off and counter-claim.

They also insist that the plaintiff ought not to be permitted to set off a claim of Millspaugh against Dodge to Dodge's set-off against Millspaugh, because, to allow him "the benefit of a debt belonging to a third party is an anomaly, and can have no foundation except in positive law."

The statute provides (2 G. & H. 658, sec. 3), that whatever defence or set-off the maker of an assigned note had,

before notice of the assignment, against an assignor, or against the original payee, he shall have. also against their assignees. That allows the same defence to be made against the note in the hands of an assignee that could have been made if it was in the hands of any assignor, if the defence accrued before notice of the assignment. But if. we adopt the views of the appellants, we give to the maker a defence against the assignee that could not be made against the payee. It seems to be admitted that the reply would have been good as against the payee of the note. To sustain the reply, is not to give the assignee the benefit of a debt of a third party. It is only permitting him to use a claim of the payee to settle and adjust a claim of the maker against him, and thereby show that there is, in fact, no defence to the note.

In the case of *Turner* v. *Simpson*, 12 Ind. 413, it was held that when, in an action on a note, the maker pleaded a set-off, the plaintiff had a right, in order to meet that set-off, to show an indebtedness from the maker to him, as a defence to the set-off.

The reply was good, and there was no error in overruling the demurrer to it.

The appellants also claim that the judgment ought to be reversed, on account of the error of the court below in overruling their motion for a new trial. They say that the jury did not allow them the amounts proved of the set-off pleaded in Dodge's answer. On the other hand, the appellee says that, under the issues, they were not entitled to any deduction on account of such set-off.

The note sued on was executed by both defendants. The set-off pleaded was in favor of Dodge alone, and there is no allegation that he was principal and Cown surety only. The allegations do not bring the case within sec. 58, 2 G. & H. 89, which allows any one of several makers of a note or other contract, who is a principal and the others sureties, to set off a claim in his favor against the plaintiff or any former holder of such note or contract. The section does not dis-

pense with the requisite of mutuality required in other cases. *Johnson* v. *Kent*, 9 Ind. 252; *Knour* v. *Dick*, 14 Ind. 20; *Blankenship* v. *Rogers*, 10 Ind. 333.

In the case last mentioned, the defendant answered by way of set-off, alleging that the plaintiff was indebted to him, the defendant, by two notes executed by plaintiff and one Hallick; and although the court overruled a demurrer to the answer, it refused to allow the claim as a set-off on the trial. This court affirmed the judgment, and said: "The court, in its refusal to allow the set-off, committed no error."

The order of the trial in the court below was as follows: The plaintiff introduced his note and the written indorsement thereon by the payee, and rested. The defendants then introduced evidence in support of the set-off in Dodge's answer, and affecting other issues in the case, and rested. The plaintiff introduced evidence in support of his reply of set-off, and rebutting the defendants' evidence, and rested. The defendants then introduced a witness, and offered to prove by him that all the items of the plaintiff's set-off had been paid before the commencement of the action. The plaintiff objected to it, on the ground that he had the close of the evidence. The objection was sustained, and the defendants excepted.

If the evidence was admissible at all under the pleadings, it was erroneously rejected. Under the practice of the court below, great injustice might be done to a party. Neither party was bound to anticipate the evidence of the other. Until the party having the burthen of the issue had introduced evidence in support of such issue, it was unnecessary for the other to introduce any to defeat it. After that, it was his privilege to do so; and then the other might close with rebutting evidence. So that if the evidence offered had been admitted, the plaintiff would not thereby have been deprived of, or lost his right to, the close of the evidence.

No evidence in support of the set-off in Dodge's answer was admissible, for reasons hereinbefore stated, hence the

court committed no error of which the appellants can avail themselves in rejecting the evidence offered, or for overruling the motion for a new trial, because no more of Dodge's set-off was allowed.

Another reason urged by appellants why they ought to have a new trial is, that they offered to prove by Dodge that he relied exclusively upon the representations of Millspaugh as to the amount of the stock of goods and value thereof, and that the court refused to allow them to do so, on the plaintiff's motion, to which they excepted. Dodge had been on the witness stand, and testified fully in his own behalf. He was afterward recalled, and again gave evidence. It was on the second examination that he proposed to give the evidence which was rejected. On his first examination, he had testified on the same subject, that Millspaugh had guaranteed that the stock was as large as when he had bought it of him; that after Millspaugh made that guaranty he accepted the goods for his debt; that he "relied upon Millspaugh's guaranties and made the purchase on them." It was no error to refuse to permit him to reiterate the statement.

During the trial the defendants offered to prove by Dodge that the whole stock of goods, sold at wholesale values, would only amount to two thousand seven hundred dollars. The court sustained an objection made by the plaintiff to its introduction, and the defendants excepted. This ruling is urged as a reason why a new trial ought to have been granted. The allegation in the answer is, that Millspaugh represented and guaranteed that the stock of goods would inventory, at "wholesale prices," etc. The language meant the wholesale prices at which he had purchased them, and not the value which might be put upon them at the time. Indeed, we think the transaction, as testified to by Dodge himself, shows that he did not understand that the price was based upon actual value. He had sold the stock of goods to Millspaugh, and there remained about two thousand eight hun-

dred dollars to three thousand four hundred dollars of the purchase-money unpaid. He testified that the goods invoiced, when he sold to Millspaugh, between five thousand nine hundred dollars and six thousand dollars. So that he must have received from two thousand five hundred dollars to three thousand dollars in payment for them, and was about to take them back, cancel the indebtedness, and give his notes for one thousand dollars. The court committed no error in refusing to allow the defendants to introduce the evidence.

The next reason urged why the court should have granted a new trial is, that the verdict of the jury is contrary to law and unsupported by the evidence as to Cown. It is contended that the verdict should have been that Cown was a surety. Cown's answer admitted the execution of the note, and that he had no defence to it. It was filed to secure the benefit of sec. 674, 2 G. & H. 308. That section provides, that "when any action is brought against two or more defendants upon a contract, any one or more of the defendants being surety for the others, the surety may, upon a written complaint to the court, cause the question of suretyship to be tried and determined, upon the issue made by the parties, at the trial of the cause, or at any time before or after the trial, or at a subsequent term; but such proceeding shall not affect the proceedings of the plaintiff."

The statute contemplates a written complaint by the surety in the nature of a cross complaint against the principal, and pleadings, issues, and trial thereon the same as upon any other cross complaint. No such complaint was filed in this case. Still Dodge made no objection to it on that account, but went to trial and allowed the issue to be submitted to a jury. He does not even now raise any question as to the form or manner of making the issue of suretyship, but joins with Cown in asking for a reversal of the judgment, because the jury failed to find that he was a surety. It was an issue in which the appellee had no interest. The statute declares

that the proceedings shall not affect the proceedings of the plaintiff. *Dickerson* v. *Turner*, 12 Ind. 223.

The issues may be tried at, or before, or after the trial of the cause, or even at a subsequent term. If the issues shall be determined in favor of the surety, the court shall make an order directing the sheriff to levy the execution first upon and exhaust the property of the principal before a levy shall be made upon the property of the surety, and the clerk shall indorse a memorandum of the order on the execution.

The motion of Cown as against Dodge should have been granted. There was but one witness on the issue of suretyship, and he testified positively that Cown signed the note as surety. But this does not, in any manner, affect the rights of Dunham, the appellee. The motion was correctly overruled as between him and the appellants.

We have examined the evidence, and think it sustains the verdict.

The judgment of the court below, in favor of the appellee against the said appellants, is affirmed, with costs and five per cent. damages. And as between the said appellants alone as to the suretyship of said Cown, and so far as the same renders him liable as principal, said judgment is reversed, with costs against said Dodge, with instructions to said court to grant to said Cown a new trial, as against said Dodge, on the issue of suretyship, and for further proceedings therein in accordance with this opinion. Such reversal in no manner to stay the execution or affect the proceedings of said appellee on his said judgment against the said appellants.

*J. H. Baker* and *J. A. S. Mitchell*, for appellants.

*W. A. Woods*, for appellee.