*H. J. Shirk* and *J. Cavin*, for the appellant.

------

## TURNER and Another *v.* SIMPSON.

Where the parties in an action on appeal from a justice's Court, agreed that several causes might be tried together in the Circuit Court, and one general verdict might be rendered, with a stipulation that if the amount recovered was less, by 25 dollars, than the sum of the recoveries before the justice, the plaintiff was to pay costs in the Circuit Court:—*Held*, that an exception to the overruling of a motion to consolidate the actions, was waived.

If in a suit upon a promissory note in which one of the defendants is principal and another surety, the defendants set up as a set-off an indebtedness of the plaintiff to the principal, the plaintiff may, in order to meet the set-off, set up in reply any indebtedness from the principal to himself, or to any former holder of the note, which is a legitimate subject of set-off; and the excess only of the defendant's claim shall go in bar of the action.

In determining whether a recovery on appeal from a judgment of a justice of the peace is reduced five dollars or not, the sums recovered are the guide, without regard to interest upon the justice's judgment, or upon the claim sued on.

In actions commenced before a justice of the peace, no reply is necessary. Hence, if, upon appeal to the Circuit Court, the plaintiff file a reply which leaves a part of the answer neither denied nor avoided, the defendant will not, therefore, be entitled to judgment on the pleadings.

APPEAL from the *Randolph* Circuit Court.

WORDEN, J.—*Simpson* brought five several actions before a justice of the peace against *John R.* and *William Turner*, each on a promissory note for 80 dollars. The defendants set up that *William* was surety, only, for *John R.*, and, as an offset, alleged an indebtedness from *Simpson* to said *John R.* The plaintiff recovered judgment in each of the causes before the justice, and the defendants appealed to the Circuit Court.

It appears by a bill of exceptions, that in the Circuit Court the defendants moved to consolidate the actions, which motion was overruled, and the defendants excepted.

If there was any error in this ruling of the Court, we think it was waived by the subsequent agreement of the parties, by which the causes were all tried together, upon which one general verdict was to be rendered, with a stipulation that if the amount recovered was less, by 25 dollars, than the sum of the recoveries before the justice, the plaintiff was to pay costs in the Circuit Court. This was a virtual consolidation of the actions, and so far as we can perceive, gave the defendants all the advantage to which they would have been entitled, had the Court made a formal order consolidating the actions.

The record shows that the defendants moved the Court to tax the costs in all the cases but one, to the plaintiff, which motion was overruled. It is insisted that this was wrong, and that § 401, 2 R. S. p. 127, requires such order to be made. Without stopping to inquire whether the provision of the statute indicated has any application to causes originating before a justice of the peace, we may observe that the ruling of the Court in this particular, is not excepted to, and therefore we cannot notice it.

After the causes came into the Circuit Court, the plaintiff asked and obtained leave to file replications to the offset filed by the defendants, and thereupon he filed an account of an indebtedness from said *John R. Turner* to himself, by way of replication to the answer of defendants, setting up an indebtedness from the plaintiff to said *John R.*

These replications the defendants moved to reject, but the motion was overruled and exception was taken. We are not informed by the record on what ground the motion was made, or that any reason for such rejection was pointed out to the Court.

We think the subject-matter of the replications was available to the plaintiff in bar, so far as it went, of the defendants' offset.

The statute provides that, "In all actions upon a note or other contract against several defendants, any one of whom is principal and the others sureties therein, any claim upon contract in favor of the principal defendant and against

May Term,
1859.

TURNER
v.
SIMPSON.

the plaintiff, &c., may be pleaded as a set-off by the principal or any other defendant." 2 R. S. p. 40.

The defendants were availing themselves of this statutory provision. *John R. Turner* was the principal in the notes. The defendants set up as an offset, an indebtedness from the plaintiff to *John R.;* and, we think, clearly, the plaintiff had a right, in order to meet that offset, to show an indebtedness from *John R.* to himself. Suppose there were mutual, unadjusted accounts between the holder of a note and the principal therein, to a large amount, and nearly equally balanced, it would be the extreme of injustice to permit the account of the principal against the holder of the note to be set up as an offset to it, without taking into consideration his account against the principal. In this manner a party might be wholly deprived of any benefit of having a surety upon his note, although upon an adjustment of the accounts between the parties there be nothing due from him to the principal, but the note wholly due to the holder.

We are of opinion that the statute in question should be so construed as to permit the claim of the principal in the note to be set up as an offset, subject, however, to any claim of the plaintiff (or any former holder of the note, as the case may be), against the principal, that is a legitimate subject of set-off; and that the excess only should go in bar of the action.

We see no error in the ruling of the Court in this particular.

The cause was tried by a jury, who found a verdict for the plaintiff for 424 dollars, 12 cents, on which judgment was rendered over a motion for a new trial; but the evidence is not set out, nor are any of the reasons assigned for a new trial shown to have existed, except the refusal of the Court to set aside the replications. This reason for a new trial is disposed of by what we have said already.

On the motion for a new trial being overruled, the defendants moved to tax the costs in the Circuit Court to the plaintiff, "upon the ground that, deducting the interest that had accrued on the claims, from the rendition of the

justice's judgments up to the time of the rendition of judgment in the Circuit Court, the finding is reduced more than 5 dollars on each case."

The motion was overruled, and judgment for costs rendered for the plaintiff.

The sum of the judgments before the justice was 422 dollars, 44 cents, so that the amount recovered is increased rather than reduced. The defendants appealed to the Circuit Court. The statute provides that "if either party against whom judgment has been rendered, appeal and reduce the judgment against him 5 dollars or more, he shall recover his costs," &c. 2 R. S. p. 464, § 70.

We think, in determining the question of reduction, we must take the sums recovered for our guide, without any reference to interest on the justice's judgment, or on the claim sued on. If the legislature had intended that any interest should be taken into the account, they probably' would have said so, or have used language conveying the idea. No reasonable latitude of interpretation will authorize us to take the sum recovered before the justice, and the interest thereon up to the time of rendering judgment in the Circuit Court, as the sum to be reduced, when the legislature have prescribed that it shall be the sum recovered before the justice. ·

In our opinion, the judgment of the Court was right, both under the law and the agreement of the parties.

One other objection is made to the proceedings, which is that, as the plaintiff obtained leave to reply in the Circuit Court, and did file a replication, setting up the matter before mentioned in bar of the defendants' offset, leaving a part of the defendants' answer neither denied nor avoided, the defendants would be entitled to judgment on the pleadings. But as the causes originated before a justice of the peace, where no replications are necessary, but where any matter that might have been replied to any plea might be proved with the same effect as if replied; we think any general replication, either denying or confessing and avoiding the answer, was unnecessary; and that the putting in of the replication mentioned did not

so far change this rule as to make any further replication necessary, although a part of the answer may not have been replied to.

We find no error in the record that should reverse the judgment.

· *Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

· *E. Dumont* and *O. B. Torbet*, for the appellants.

*T. M. Browne* and *W. A. Peelle*, for the appellee.