May Term, 1861.

REILLY
v.
RUCKER.

———————◄◄•►————————

REILLY and Another *v.* RUCKER, Executrix of REILLY.

16 303
137 304

Where promissory notes are pleaded as a set-off, a replication denying the defendant's title to the notes, and particularly setting out the facts showing the title to be in another, is good.

A set-off may be replied to a set-off.

A departure in pleading is not a ground of demurrer; the objection must be taken by motion. *Will* v. *Whitney*, 15 Ind. 194, overruled upon this point.

APPEAL from the *Vanderburgh* Circuit Court.

PERKINS, J.— *William Reilly* and *Mary* his wife, on *June* 15, 1854, executed to *James Reilly* a mortgage on certain real estate, to secure the payment, among others, of eight promissory notes, amounting in the aggregate to over $10,000.

In *September*, 1858, all of said notes being due, and *James Reilly*, the payee, being dead, h.. executors, *Thomas H.* and *Marian L. Rucker*, instituted a suit to foreclose the above mentioned mortgage.

The fifth paragraph of defendants' answer was, as to part of the cause of action, a set-off of two notes of the same date as the mortgage, given by *James Reilly*, deceased, to *William Reilly*.

Thursday, June 6.

To this the plaintiff replied, that *William Reilly* was indebted to a certain bank in *Evansville*, naming it, in a sum greater than the amount of the notes mentioned in the fifth paragraph of the answer; that he procured *Howard* and *Brown* to go his security on said indebtedness to said bank, and assigned to them on so doing, as collateral security, the notes mentioned in the fifth paragraph of the answer; that *Howard* and *Brown* had been compelled to pay a large amount of said debt to the bank, and were still held for the amount remaining unpaid; and that the interest in said notes was in said pledgees, and not in the defendant. The reply is specific as to amounts.

This reply was clearly good. *Howard* and *Brown* could not be deprived of their security, by means of those notes, in such a mode; and the maker should not be rendered liable to pay them twice. The evidence on the trial would determine whether the reply was true in point of fact. Under our practice there could be no rejoinder; but if the reply was not proved, the answer would stand as a bar, *pro tanto*.

The sixth paragraph of the answer was as follows: "That as to the further sum of $1,500 of the plaintiff's demand, the same has been paid thus: Said *Marian L. Rucker*, one of the plaintiffs, was the wife of *James Reilly*, was his executrix, his sole devisee and residuary legatee; and there being a large amount of assets in her hands more than was necessary to pay the debts of the estate and legacies, she, after the death of her said husband, *Reilly*, and before her marriage with *Rucker*, her co-plaintiff, agreed with the defendant, *William Reilly*, that he should furnish her goods, wares and merchandize, as she might need them, pay certain bills, &c., which should be applied in payment of the sum claimed in this suit by plaintiff;" and it is alleged in the paragraph that, in pursuance of said agreement, goods, &c., as per bill of particulars filed, were furnished in payment on said mortgage.

To this paragraph of the answer the plaintiffs replied, that in their lifetime *William* and *James Reilly* were partners; that in 1854 they dissolved partnership, *William*, for a consideration, assuming to pay all the joint debts; that he failed to fulfill said agreement; that since the death of said *James*,

and since the agreement by his widow, and executrix, set up in the answer, one of said joint debts so assumed by said *William* had become due, and he failing to pay it, said executrix had been compelled to pay it for said *William* out of the assets of *James'* estate, of which she was sole legatee, &c., and which sum equaled the amount of the account answered in payment, as having been furnished by said *William* to her; and she replied the same as a set-off to said amount.

A demurrer to this paragraph of the reply was overruled.

There was final judgment for the plaintiff. It is claimed that the sixth paragraph of the answer was one of payment, and not of set-off, and that, hence, the reply of a set-off to it was bad: and it is further claimed that the reply was a departure.

It has been held that a set-off may be replied to a set-off. *Turner* v. *Simpson*, 12 Ind. 413. If the reply was a departure, still departure is not a ground of demurrer. The objection should be taken by motion. See *Prenatt* v. *Runyon*, 12 Ind. 174. In *Will* v. *Whitney*, 15 Ind. 194, the mode of taking the objection by demurrer was apparently approved; but the point was not much considered. We are satisfied, upon reflection, that a reply which may be a departure technically, may still contain facts which, being permitted to go into the case without objection, should avoid an answer. This being so, a demurrer for departure can not be said to rest upon the ground that facts sufficient are not stated, &c.; and it is not made in terms a ground of demurrer. The consequence is, we need not decide whether the sixth paragraph of the answer is one of payment or set-off.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs..

*Asa Iglehart* and *C. Baker*, for the appellants.

*Jas. G. Jones* and *J. G. Blythe*, for the appellee.