*Brown & Parke*, for the appellant.

---

## DEACON *v.* SCHWARTZ.

A departure in pleading is not a sufficient cause of demurrer.

This Court will not search for, or regard, errors not pointed out in the briefs of counsel.

Errors to be available here, must have been legally indicated below.

APPEAL from the *Wayne* Circuit Court.

HANNA, J.—*Lydia Swartz* sued *Martin*, auditor of said county, for certain money in his hands, derived from the sale of a lot mortgaged to the school fund, and sold by said officer,

(and averred to be her property in fee at the time of sale,) being the balance paid for the same on said sale, over an amount necessary to discharge said mortgage, &c.

*Martin* answered, that appellant claimed the same, brought the money into Court, and prayed to be, and was, discharged.

Appellant answered, averring that on, &c., being about two years before the said sale, said plaintiff sold and conveyed said lot to him, by deed, a copy of which is set out. Reply, that at the time of said alleged conveyance, she was a married woman.

Demurrer to the reply overruled. It is urged that the reply was a departure. If that was the only objection to it, we have decided that it is not a sufficient cause of demurrer. *Reilly* v. *Rucker*, 16 Ind. 303. No other objection is pointed out in the brief of counsel, and under the rule, we do not search for others. In point of fact, the supposed departure does not, perhaps, exist. Trial; judgment for the plaintiff.

There was a motion for a new trial made, and overruled. There is no assignment of error upon said ruling. But there are assignments intended to question the correctness of the finding of the Court upon the evidence. This could be reached only through a motion for a new trial, and consequently the ruling on that motion should be presented to bring the evidence before us.

*Per Curiam.*—The judgment is affirmed, with costs.

*John Yaryan*, for the appellant.

*Bickle & Burchenal*, and *Morton & Kibbey*, for the appellee.