House v. McKinney.

PRACTICE.—*Supreme Court.*—The action of the court below in overruling a motion to strike out part of a pleading is not available as error on appeal to the supreme court.

SAME.—*Same.*—Where the complaint upholds the general verdict, which is not contradicted by the special findings, in the absence of the evidence, the supreme court, on appeal, will presume such verdict to be right.

SAME.—*Pleading.*—*Reply of Set-off to Answer of Set-off.*—Matter of set-off may be pleaded in reply to an answer of set-off pleaded to the complaint, even where such matter of reply might have been included in the com-plaint.

SAME.—*Interrogatories to Jury.*—Where either affirmative or negative an-swers. to interrogatories requested but refused to be put to a jury could not have affected the general verdict rendered by them, such refusal is not error.

SAME.—*Argument to Court in Hearing of Jury.*—The refusal of the court to allow the counsel of a party to read to the court, in the hearing of the jury trying such cause, an adjudged case from a volume of law reports is not a sufficient cause for a new trial.

SAME.—*Supreme Court.*—Where, on appeal to the supreme court, the evi-dence is not in the record, such court can not consider an alleged error of excessive damages.

From the Decatur Circuit Court.

*J. S. Scobey,* for appellant.

*S. A. Bonner, J. L. Bracken* and *J. D. Miller,* for ap-pellee.

BIDDLE, J.—The appellee brought this action against the appellant, on a common count, for work and labor done. Answer;—

First. Denial;

Second. Payment;

Third and Fourth. Set-off.

Reply, set-off and denial. Trial by jury; general verdict for appellee, and answers to nine special interrogatories. Motion for a new trial, overruled, exceptions, judgment, appeal.

We will notice the questions as they are discussed in the appellant's brief.

1. Various motions were made to strike out parts of the several pleadings;—overruled. This court has often decided that this constitutes no error available here.

2. The appellant ingeniously goes into a close analysis, to show that the verdict must have been founded on the reply of set-off. The evidence is not before us, and we have no means of knowing on what ground the jury based their verdict. The complaint is sufficient to uphold the verdict, which is not contradicted by the special answers, and we must presume that it is right.

3. Overruling the motion to strike out the reply of set-off, because it contained matter that might have been included in the complaint. There is no error in this. A set-off in a reply may be pleaded to a set-off in an answer. Because the matter in the reply might have been included in the complaint, is no objection to it. Perhaps the appellee omitted it from his complaint because it had been settled by the matter set up in the answer.

4. The refusal of the court to propound certain special interrogatories to the jury to be by them answered. The first, eighth and thirteenth of these interrogatories are the same as those which the jury did answer. Answers to the others, either affirmatively or negatively, would not have affected the general verdict in the least. They cover

no essential ground not included in those which were answered.

5. The refusal by the court to allow the appellant to read a case from a volume of Indiana reports, to the court, in the hearing of the jury. We presume the court was right; at least there is no such ground assigned as a cause for a new trial.

6. Giving erroneous instructions to the jury. The appellant has shown us no error in the instructions, and we can find none; on the contrary, they are correct and well put.

7. Excessive damages. How we shall be able to ascertain whether the damages are excessive or not, without the evidence before us, the appellant has not shown us, and we do not know.

The judgment is affirmed, with costs, and ten per cent. damages.