No. 12,452.

## BLOUNT v. RICK.

SET-OFF.—*Action on Promissory Note.*—*Reply of Account as Set-Off to Set-Off Pleaded by Defendant.*—One who has a note and an account against another, may sue upon the note, and reply the account as a set-off against an equal amount pleaded as a set-off by the defendant.

SAME.—*Replied Set-Off Need not be Held when Action Commenced.*—Where a

Blount v. Rick.

set off has been pleaded by the defendant, the plaintiff may reply, by way of set-off to the defendant's plea, any claim held by him at the time such plea was filed. It is not necessary that the claim replied should be held by the plaintiff at the time his action was commenced.

PLEADING.—*Construction.— Written Instruments.—Accounts.—Exhibits.— Uncertain Averments.*—In construing pleadings, written instruments and accounts filed therewith as required by section 362, R. S. 1881, may be looked to in aid of uncertain averments, and in many instances they are controlling.

INSTRUCTIONS TO JURY.—*Making Part of Record Without Bill of Exceptions.*—*Practice.*—In order that instructions may be a part of the record without a bill of exceptions, they must be filed as required by section 533, R. S. 1881, and the record must affirmatively show that they were so filed.

From the Delaware Circuit Court.

*G. H. Koons*, for appellant.

ZOLLARS, J.—Appellee sued appellant upon a promissory note. Appellant pleaded a set-off. To this plea appellee replied a set-off.

Appellant's demurrer to this reply was overruled. Upon the verdict of the jury judgment was rendered against appellant for the amount of the note. The evidence not being in the record, we can not tell whether the amount of appellee's set-off equalled that of appellant, or whether the jury found each to be groundless. Appellant seeks to make the question here, that a claim acquired by the plaintiff after the commencement of his action, but before the plea of set-off is filed by the defendant, can not be replied as a set-off to a set-off. The record does not present that question for decision. It is averred in the reply that when the plea of set-off was filed by appellant, he was, and still is, indebted to the appellee, over and above the note in suit, $82 upon a book account for professional services rendered and medicines furnished, etc. A bill of particulars was filed with and as a part of the reply. This bill of particulars shows that the services were rendered and the medicines furnished by appellee in 1881. It is said in argument that this account was assigned to appellee by her husband after this suit was commenced. There is

nothing in the pleadings, nor in the record, to show that fact, if it is a fact. The reply shows that the services were rendered and the medicines furnished by appellee. The averments do not preclude the idea that appellant was indebted to appellee upon the account when this action was commenced. The bill of particulars, which is a part of the reply, shows that he was so indebted at that time, and for a long time prior thereto. In construing pleadings, written instruments and accounts filed therewith, in obedience to the requirements of the statute, R. S. 1881, section 362, must be looked to, and in many instances they are controlling. *Carper* v. *Gaar, Scott & Co.*, 70 Ind. 212; *Hurlburt* v. *State, ex rel.*, 71 Ind. 154; *Bayless* v. *Glenn*, 72 Ind. 5; *Crandall* v. *First Nat'l Bank of Auburn*, 61 Ind. 349; *Mercer* v. *Hebert*, 41 Ind. 459.

The record presents this question, and this question only: May a person, having a note and an account against another, sue upon the note, and reply the account as a set-off against an equal amount pleaded as a set-off by the defendant? That question is answered in the affirmative by the cases of *House* v. *McKinney*, 54 Ind. 240; *Turner* v. *Simpson*, 12 Ind. 413; *Reilly* v. *Rucker*, 16 Ind. 303; *Curran* v. *Curran*, 40 Ind. 473; R. S. 1881, section 367. The demurrer to the reply was properly overruled.

Appellant's learned counsel contend that the court below erred in its instructions to the jury, and in refusing those asked by him in behalf of appellant. He, however, really concedes that neither the instructions given, nor those refused, are properly in the record. The clerk below copied into the transcript what purport to be instructions given and refused, but there is nothing to show that they were filed, as required by section 533, R. S. 1881. In order that instructions may be a part of the record without a bill of exceptions, they must be thus filed, and the record must affirmatively show that they were so filed. That is not shown by

the record before us, neither were the instructions brought into the record by a bill of exceptions. *O'Donald* v. *Constant*, 82 Ind. 212; *Elliott* v. *Russell*, 92 Ind. 526; *Olds* v. *Deckman*, 98 Ind. 162; *Landwerlen* v. *Wheeler*, 106 Ind. 523.

It results from the foregoing that the judgment must be affirmed, at appellant's costs. It is so ordered.

Filed March 31, 1886.

## ON PETITION FOR A REHEARING.

ZOLLARS, J.—As stated in the principal opinion, appellee replied a set-off to appellant's answer of set-off. Appellant contended, and still earnestly contends, that the reply is bad, because it replies a set-off acquired after the suit was commenced, and that this fact is shown by the reply. The reply is as follows: "And for reply to said second paragraph of said defendant's said answer, and by way of set-off, she says that when said second paragraph of said answer was filed in this suit, the said defendant was, and still is, justly indebted to her, over and above the note sued on in this cause, in the sum of eighty-two dollars and twenty-five cents, upon a book account, for professional services rendered and medicines supplied to the defendant and certain members of his, the defendant's family, at the special instance and request of the defendant, at sundry and divers times, in the year A. D. 1881, and since, up to this time, a bill of the particulars whereof is herewith filed, made a part of this paragraph of reply, and marked exhibit 'A'. And she says said sum of eighty-two dollars and twenty-five cents remains unpaid and due. She therefore offers to set off her said account of eighty-two dollars and twenty-five cents against the defendant's account set up in said second paragraph of answer, and she demands judgment as in her complaint herein she has demanded judgment."

The bill of particulars filed with the reply is headed as follows:

"1881.   JARET L. BLOUNT to MARY C. RICK.   Dr.
"June 21st, to visit and medicine for Ross . . . . $3.00"

Following this item are a number of like items for visits.
and medicines for different members of appellant's family
during the months of June, July, August, September and
November, 1881, and one item of $1 in January, 1882, ag-
gregating eighty-two dollars and twenty-five cents.

It is contended that the case was disposed of below, upon
the theory that the professional services were rendered and
the medicines furnished by appellant's husband, and that he
assigned the account to her subsequent to the commencement
of the action, and about the time the answer was filed, and
that such is the fact.   This may all be so, and we assume
that as a matter of fact it is so, because counsel so declare.
This court, however, sits for the correction of errors, and, as,
has often been declared, will not overthrow judgments of the
trial courts unless errors appear by the record.

Appellee may have a husband, but the record does not
show it.   The husband may have rendered the professional
services and furnished the medicines, but that is not shown
by the record.   It is alleged in the reply that appellant was
indebted to appellee "upon an account for professional ser-
vices rendered and medicines supplied to the defendant," etc.,
at the special request of appellant.

When we turn to the bill of particulars we find the charge
and statement that appellant is debtor to Mary E. Rick, ap-
pellee, "1881, June 21st, to visit and medicines," etc.   The
only reasonable interpretation of the above language of the
reply, and of the account, is that appellee rendered the pro-
fessional services and supplied the medicines.   It may be that
appellee is not a physician, but it would not be a very start-
ling fact if she were.   At least there is nothing to indicate
in any way that the services were rendered and the medicines
supplied by another, and the account assigned to her.   If the
pleadings do not state the facts as they really are, the error
should have been in some way corrected or avoided below.

This court must deal with the case as presented by the record. As we have seen, it is alleged in the reply that when the second paragraph of answer was filed by appellant, he was indebted to appellee upon a book account. This is not the same as an absolute averment that appellant became indebted upon the account at that particular time, and was not so indebted prior thereto, or prior to the commencement of the action. It does not follow from the averment that he may not have been so indebted prior to the commencement of the action.

If, however, it were material that the indebtedness should have existed prior to the commencement of the action, the above averment would not be a sufficient averment of that fact, because averments of facts must be positive and certain. But, as we have seen, a bill of particulars was filed with and as a part of the reply. When we turn to that, we find that the services were rendered and the medicines furnished in 1881 and 1882, more than two years before this action was commenced.

The statute requires that when a pleading is founded on a written instrument, or on account, the original or a copy thereof must be filed with the pleading. R. S. 1881, section 362. It is just as necessary to file the account or a copy of it, where the pleading is founded thereon, as it is to file the original or a copy of a purely written instrument where the pleading is founded on such. And when either is filed with a pleading, it becomes a part thereof just as much as if copied at length therein. To say the least, and as much as need be said here, such exhibits will assist and cure uncertainties in the pleading. See cases cited in principal opinion; see, also, *Mercer* v. *Hebert,* 41 Ind. 459.

In the case of *Booker* v. *Ray,* 17 Ind. 522, it was held that averments of a pleading may be made certain by reference to diagrams forming a part of a contract, and filed with the pleading.

In the case of the *Second Nat'l Bank, etc.,* v. *Hutton,* 81

Ind. 101, an account was filed with the pleading as an ex- hibit. It was said: "The office of a bill of particulars, in such a case as this, is to make the plaintiff's precise cause of action more certain, definite and specific, than the same has been stated in the common counts. In such a case, without regard to what may have been stated in general terms in the complaint, the plaintiff's evidence and right of recovery are limited, under the law, strictly and precisely, to the ex- act claim or cause of action shown or set forth in the bill of particulars."

We reaffirm, as we held in the principal opinion, that the bill of particulars filed with the reply became a part of it, and aided the uncertain averment therein as to when appellant became indebted to appellee; and that, taking the averment and the bill of particulars together, it sufficiently appears that appellant was indebted to appellee upon the account be- fore the action was commenced, and that hence the question which appellant seeks to make upon the right of appellee to reply the account as a set-off, is not presented by the record. But, accepting counsel's statement, that that was the real question discussed and decided below, we decide it here.

Assuming then that appellee did not hold the account at the time the original action was commenced, but held and owned it at the time appellant filed his plea of set-off, had she the right to reply the account as a set-off to appellant's set-off?

The statute provides that the defendant may answer any new matter constituting a defence, counter-claim or set-off. R. S. 1881, section 347. It further provides that "A set-off shall be allowed only in actions for money demands upon contract, and must consist of matter arising out of debt, duty, or contract, liquidated or not, held by the defendant at the time the suit was commenced, and matured at or be- fore the time it is offered as a set-off." Section 348.

It is clear that when the defendant answers a set-off, he must bring his case within the statute by making it appear from the averments in his answer, that the debt, etc., pro-

posed to be set off was held by him at the time the suit was commenced. *Gregory* v. *Gregory*, 89 Ind. 345.

The above statute and decision, of course, have reference to cases where the set-off is brought forward by the defendant to the action.

The only statute we have upon the question of replying a set-off, is the following: "A party to any action may plead or reply a set-off or payment to the amount of any cause of action or defence, notwithstanding such set-off or payment is barred by the statute." Section 367.

This statute in no way requires that the set-off replied shall have been held by the plaintiff at the time he commenced his action. There is no such requirement by any statute, unless it must be inferred from the statutory requirement in relation to a set-off pleaded by the defendant.

Thus far, we have spoken of set-off, as pleaded by way of answer and reply, because of the terms used in the statutes, but, in fact, a plea of set-off is a cross action more than an answer. In the case of *Kennedy* v. *Richardson*, 70 Ind. 524 (530), it was said: "A set-off, strictly speaking, is not a defence to the action in which it may be filed. It is simply a cross action; and as such it must state facts sufficient to constitute, not a defence to the action in which it may be filed, but a cause of action against the opposite party." See, also, *Boil* v. *Simms*, 60 Ind. 162; *Mullendore* v. *Scott*, 45 Ind. 113. A plea of set-off must be substantially the same as a complaint, and is to be tested by the same rules and methods. *Ewing* v. *Patterson*, 35 Ind. 326; *Shoemaker* v. *Smith*, 74 Ind. 71.

The demand to be set off constitutes an independent cause of action, and may be brought forward in the action commenced by the plaintiff, or the defendant may institute an independent action thereon against the plaintiff. See *Davidson* v. *Remington*, 12 How. Pr. R. 310.

A plea of set-off being in the nature of a cross action by way of cross complaint, the filing of appellant's plea of set-

off was, for all practical purposes, the commencement of a cross action against appellee. That cross action appellee had a right to meet with a plea of set-off, and if she held a set-off against appellant at the time that cross action was commenced, she had a right to plead it, and make it available by proof.

If, instead of pleading his set-off, appellant had commenced an independent action against appellee, her right to plead and make available the set-off would have been beyond question. No sufficient reason has been advanced, and we know of none, why she had not the same right to plead it and make it available as against the cross action by appellant.

Petition for a rehearing overruled.

Filed June 26, 1886.