Francis *v.* Leak *et al.*

Filed March 29, 1893.

---

No. 474.

FRANCIS *v.* LEAK ET AL.

PLEADING.—*Set-Off Replied to Set-Off.—Sufficiency of Reply.—Assignment.— Notice.*—Where a set-off is replied to an answer of set-off, the reply is insufficient which does not show that the matters pleaded in reply accrued before the assignment of the account offered as a set-off by the answer, or before the defendant had notice of the assignment.

From the Warren Circuit Court.

*J. McCabe* and *E. F. McCabe*, for appellant.

*W. P. Rhodes*, for appellees.

Ross, J.— This action was brought by the appellee Gideon Leak, against the appellant Elizabeth Francis, and the appellee William A. Francis, on a promissory note, demanding judgment in the sum of three hundred dollars.

The defendant, Elizabeth Francis, filed her separate answer in three paragraphs, of which the first was a general

denial; the second that she was a married woman, the wife of her co-defendant at the time she executed the note, and that she simply signed the same as surety; and third, by way of set-off, that before the commencement of this action the plaintiff was indebted to the defendant William A. Francis in the sum of eight hundred and thirty-five dollars, for money loaned, a bill of particulars of which was made a part of the answer; that said account, before the commencement of this action, had been sold and assigned in writing, for value, to her, and that the same was due and unpaid.

The plaintiff replied to the answer of set-off as follows: "For a further reply to the third paragraph of the separate answer herein of the said Elizabeth Francis, plaintiff says that the said William Francis is indebted to him in a large sum, to wit: Two thousand dollars, for money had and received for surety debts paid by plaintiff for said William, and for property sold and delivered to him, all of which were at the special instance and request of said William, and were due and unpaid at the time this suit was commenced, and is still due and unpaid, and the plaintiff files herewith a bill of particulars of the same, marked 'A,' and made a part hereof, as follows:

"William Francis to Gideon Leak, Dr.

"To cash loaned to buy land............................ ...$600
"To taxes and charges paid................................. 200
"To note paid Clement G. Jones............................ 540
"To note Merchants' Bank at Attica, Ind................. 250
"To note Merchants' Bank at Attica, Ind................. 200

"And he offers to set off an amount of the same equal to the amount set up in said third paragraph of said answer for judgment, and all proper relief."

To this paragraph of the reply, the defendant Elizabeth Francis demurred for want of sufficient facts, the demurrer was overruled by the court, and exception saved, and this ruling is the only question urged on this appeal.

It is conceded, both by appellant and appellees, that matter of set-off may be pleaded by way of reply to an answer of set-off. This question seems to be settled in this State. *Turner* v. *Simpson*, 12 Ind. 413; *Reilly* v. *Rucker, Execx.*, 16 Ind. 303; *Curran* v. *Curran, Admr.*, 40 Ind. 473; *House* v. *McKinney*, 54 Ind. 240; *Blount* v. *Rick*, 107 Ind. 238.

The appellant's contention is that the reply is insufficient for two reasons, viz.:

*First.* Because there is no averment that the defendant William A. Francis was indebted to the plaintiff for the items of account set forth in the reply, at the time he sold and transferred the account to the defendant Elizabeth Francis, which she has pleaded by way of set-off in her answer.

*Second.* Because there is no averment that William A. Francis became indebted to the plaintiff before plaintiff received notice of the assignment of the account by William A. to Elizabeth Francis.

Where the debt offered by way of set-off in the answer is obtained by assignment, and the debt offered as a set-off thereto, in the reply, is the debt of the assignor, does the time when the latter accrued become material? If, in fact, it had been created after the assignment and notice thereof, could it be pleaded as a set-off? At common law a "chose in action" was not assignable, but even then equity recognized and upheld the right of assignment, viewing it merely as a declaration of trust, by which the assignor simply permitted the assignee to use his name for the purpose of recovery.

It is settled, however, in this State that choses in action are assignable. *Patterson* v. *Crawford*, 12 Ind. 241; *Overstreet* v. *Freeman*, 12 Ind. 390; *Swails* v. *Coverdill*, 17 Ind. 337; section 352, R. S. 1881.

The bill of particulars set out in the reply is without date, and there is nothing in the pleading or the record to

show when it accrued. The presumptions are against the pleader as to its having accrued before the assignment of the account pleaded in the answer.

When the appellee William A. Francis assigned the account which he had against the appellee Leak, to the appellant, she became the owner thereof and entitled to all the rights of the assignor therein, subject however to any defenses or matters of set-off then existing in favor of Leak.

We think the reply insufficient because it was not alleged that the items of account pleaded in the reply accrued before the assignment of the account offered to be set off by the answer, or before he had notice of such assignment.

The judgment of the court below is reversed, at the costs of the appellee Leak, with instructions to sustain the demurrer to the third paragraph of the reply.

Filed March 30, 1893.