## ORR *v.* LEATHERS.

[No. 3,492.    Filed November 13, 1901.]

PLEADING.—*Reply.—Bill of Particulars.—Departure.*—That the items set out in the bill of particulars filed with a reply describe different articles from those mentioned in the bill of particulars filed with the complaint does not constitute a departure.  *p. 573.*

SAME.—*Set-Off.*—A reply of set-off may be made to an answer of set-off.  *pp. 573, 574.*

SALES.—*Credit on Condition that Notes are Executed.*—Where property is sold on credit, and the purchaser fails to execute his notes for the purchase price as agreed, the seller may maintain an action for breach of the agreement before the expiration of the credit period.  *p. 574.*

APPEAL.—*No Reversal Where Substantial Justice is Done.*—A judgment in favor of a plaintiff will not be set aside on appeal on the ground that the form of the action was improper, where substantial justice has been done.  *pp. 575, 576.*

From Sullivan Circuit Court; *W. W. Moffett,* Judge.

Action by William H. Leathers against Andrew M. Orr. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*W. H. DeWolf,* for appellant.

*J. S. Pritchett, C. B. Kessinger, W. A. Cullop* and *G. W. Shaw,* for appellee.

Comstock, J.—Appellee sued appellant upon account. The bill of particulars contained five items, consisting of a stock of goods, a clock, blacksmith tools, wheat, and seeding ground, and balance due on former settlement. At the same time he sued out a writ of attachment. Appellant answered in two paragraphs, general denial and set-off. Appellee replied to the second paragraph of answer (1) general denial, (2) payment, (3) set-off. Appellant's demurrer to the third paragraph of reply (set-off) was overruled. This is assigned as the first error. A trial by the court resulted in a judgment against appellant. His motion for a new trial was overruled. This is the remaining error assigned. The third paragraph of reply is a set-off to the set-off pleaded by appellant. The items set out in the bill of particulars filed with the third paragraph of reply described different articles from those mentioned in the bill of particulars filed with the complaint. The claim is made that the reply is a departure, and that the court erred in overruling appellant's demurrer thereto.

Numerous cases are cited to the effect that objection to a departure may be raised by a demurrer for want of facts. There is a departure when the reply is inconsistent with the case made in the complaint, or when in a subsequent pleading a party abandons the ground taken by him in an antecedent pleading and resorts to another. In the pleading under consideration there is no abandonment of the claim of the cause of action set out in the complaint, nor is it inconsistent therewith. That a reply of set-off to an answer of set-

Orr *v.* Leathers.

off may be made has been held in the following cases: *Turner* v. *Simpson,* 12 Ind. 413; *Reilly* v. *Rucker,* 16 Ind. 303; *Curran* v. *Curran,* 40 Ind. 473; *House* v. *McKinney,* 54 Ind. 240; *Blount* v. *Rick,* 107 Ind. 238; *Francis* v. *Leak,* 6 Ind. App. 411.

Four reasons are assigned in the motion for a new trial. The third and fourth are not discussed. The first is, "The finding of the court is contrary to law"; the second, "The finding of the court is contrary to the evidence." The error claimed by counsel for appellant to have been committed by the trial court in overruling this motion is founded upon the fact that the debt was not due when the action was commenced and that it was therefore prematurely brought. It is not questioned that the goods were sold on a credit of two and four months. There is evidence that appellant was to execute to appellee his two promissory notes maturing at said dates, respectively, and this he failed to do, although several times requested to do so. The sale was made on the 28th of February, 1899, no part of the purchase price became due until the 28th of April, 1899. Suit was commenced April 4, 1899.

The second reason assigned for a new trial is not a statutory cause, and therefore presents no question. It remains then to determine whether the finding of the court is contrary to law. The finding of a court is contrary to law when it is contrary to the principles of the law as applied to the facts.

It has been held in various jurisdictions that where property is sold on credit and a note or other security is to be given for the price, and is refused, the seller need not wait until the end of the term of credit, but he may sue for damages for breach of the agreement to give security, at once, upon the breach, and recover the whole damages equal to the value of the security had it been given, *prima facie* the amount of the sum secured. 2 Benj. on Sales, §1120; *Barron* v. *Mullin,* 21 Minn. 374; *Hanna* v. *Mills,* 21 Wend. 90, 34 Am. Dec. 216; *Davis, etc., Co.* v. *McGinnis,* 45 Iowa 538.

In 2 Sutherland on Dam. (2nd ed.) §644, p. 1427, the rule is stated thus: "Where goods are sold to be paid for by bill or note, payable at a future day, and the bill or note is not given, general assumpsit for goods sold and delivered cannot be maintained until the credit has expired; but the vendor may sue at once on the special agreement, and recover the whole amount for which the bill or note should have been given, or the value of the goods." Citing many cases in foot note 5 on pp. 1427, 1428.

In *Hays* v. *Weatherman,* 14 Ind. 341, it was held that where property was purchased and the creditor was to have been given credit upon executing his notes, that upon his failure to give his notes, the purchase money became due at once. In the case last cited the complaint set out the agreement to execute the notes, and its violation. Had the complaint before us set out the breach of the agreement, the evidence introduced on the trial would have sustained its averments and the conclusion reached by the trial court.

It was long ago held that a judgment or verdict in favor of a plaintiff would not be set aside upon the ground that the action had not been framed with technical precision. 1 Graham & Wat. on New Trials, p. 341. In 1 Graham & Wat. on New Trials, *supra,* p. 360, *Booden* v. *Ellis,* 7 Mass. 507, is cited. Of this case the authors say: "The evidence clearly showed the action was misconceived; but the court said, that although the form of action adopted in this case was liable to many objections under the particular circumstances, they were all agreed, that when justice had been done in the form of an action, upon which the verdict had been found, it was not in their discretion, nor were they required by the agreement of the parties, to disturb the verdict upon a question of form only, and especially where, in adjusting the demand, the defendant had every advantage which he could have had, under any other form of action."

In *Cogswell* v. *Brown,* 1 Mass. 237, where objection was taken to the form of action, insisting it ought to have been

trespass, and not assumpsit, the court say substantial justice has been done, and the court will not turn the party round upon a formal objection. To warrant the granting of a new trial by an appellate court, it should appear that the action of the trial court injured the complaining party. If substantial justice has been done, there can be no injury. In that event the object of a trial has been accomplished and the aim of the law attained. With the best intentions on the part of courts and counsel, errors may occur in the trial of causes; but if an appellate court can say from the whole record that substantial justice has been done, the trial court will be upheld. The record before us warrants that conclusion. Within the definition given the finding of the court is not contrary to law.

Judgment affirmed.