HUNTINGTON ET AL. *v.* HELMAN.

[No. 10,821. Filed April 21, 1921. Rehearing denied October 26, 1921. Transfer denied January 4, 1922.]

1. JUDGMENT.—*Conclusiveness.*—*Foreclosure of Vendor's Lien.*— *Failure to Make Purchaser a Party.*—Where, after the purchase of land, the vendee entered into possession and occupied a house located thereon as a home, and, while she was temporarily absent, the vendor instituted an action against a third person, alleged to have purchased from such vendee, for the foreclosure of a vendor's lien and the appointment of a receiver, but failed to make such vendee a party, the judgment of foreclosure and the appointment of a receiver, who took possession of the land involved, was not binding on the vendee, who had no knowledge of the foreclosure proceedings. p. 251.

2. APPEAL.—*Right Result.*—*Disregard of Intermediate Errors.*— Where there is no error in the court's finding, conclusion and judgment, intermediate errors, if any, will not warrant a reversal. p. 251.

From Monroe Circuit Court; *Robert W. Miers,* Judge.

Action by Effie Helman against Mary I. Huntington and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Theodore J. Louden, Robert G. Miller, James W. Blair* and *Albert M. Bristor,* for appellants.

*James B. Wilson,* for appellee.

NICHOLS, J.—Appellee's first paragraph of complaint herein is in ejectment, and for damages for detention in the sum of $400. It states a cause of action as against demurrer. There is a second paragraph of complaint, with a demurrer thereto, and answers and cross-complaints, the rulings pertaining to which are assigned as error. The court finds, by its special findings of fact, that the real estate involved was sold by appellant Huntington to appellee on December 4, 1914. Mutual obligations and equities grew out of such sale, and subsequent transactions, between appellee and appellants Huntington and Bristor, the merits of which are not determined in this action, and upon which we do not decide. They are for future determination in a proper proceeding for that purpose. The court further finds that appellee, immediately after such purchase of said real estate, entered into the possession thereof, moved her family into the house located on said land, occupied the same as a home, has at all times since said date claimed the same as her home, has kept her household furniture therein, and has claimed the same as her legal residence. On March 8, 1918, appellee was temporarily away from her said home and lands, and while so away, appellant Huntington filed her complaint to

foreclose her vendor's lien and for receiver, against appellant Bristor alleging a sale by appellee to Bristor, and an abandonment by Bristor. Appellee was not made a party to such action, and was not served with summons or other process therein. Such proceedings were had as resulted in foreclosure of appellant Huntington's vendor's lien, and in the appointment of appellant Rogers as receiver, who immediately took possession of said real estate and rented the same to appellant Myers who thereupon took possession thereof. Appellee knew nothing of said action until March 15, 1918, at which time she learned that Myers had taken possession of said real estate and was occupying the same. She demanded possession of appellants Myers and Rogers, and the same being refused, this action followed. The court rightly found that the judgment in the foreclosure proceedings was void as to appellee, and on a conclusion of law in harmony therewith gave her judgment for possession, and $400 damages for detention. There was no error in such finding, conclusion and judgment in favor of appellee, and intermediate errors, if any, will not reverse. *City of Logansport* v. *Jordan* (1908), 171 Ind. 121, 85 N. E. 959, 37 L. R. A. (N. S.) 1036, 17 Ann. Cas. 415; *Orr* v. *Leathers* (1901), 27 Ind. App. 572, 61 N. E. 941.

The judgment is affirmed.